IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIE JACOBS,

                         Petitioner,                  Case No. 3:05 CV 2107

      -vs-

                                              MEMORANDUM  OPINION

CARL ANDERSON, Warden,

                        Respondent.

KATZ, J.

This case involves Petitioner Willie Jacob's motion, pursuant to FED. R. CIV. P. 60(b),

seeking relief from this Court's denial of his writ of habeas corpus (Doc. 21). Petitioner's motion

seeks Rule 60(b) relief in the form of an extension for the time to file a notice of appeal from this

Court's judgment.

**I.      Background**

Petitioner Willie Jacobs is currently serving a term of life imprisonment plus three years

for his 1986 conviction for aggravated murder with a firearm specification. Docket No. 10,

Exhibits 2 & 10.

           On April 23, 1987, the Court of Appeals for the Eighth Appellate District,
affirmed Petitioner's conviction with a firearm specification3 (Docket No. 10,
Exhibit 3). Petitioner's request for post-conviction relief, filed in the Court of
Common Pleas for Cuyahoga County, Ohio, on December 22, 1988, was denied
(Docket No. 10, Exhibit 1, p. 2).
           Petitioner, in 1989, filed a writ of habeas corpus in the United States
District Court for the Northern District of Ohio.4 The District Court denied habeas
corpus relief. The Sixth Circuit Court of Appeals affirmed denial of habeas corpus
relief on March 20, 19915 (Docket No. 10, Exhibit 4).
           On January 8, 1997, Petitioner filed a Writ of Habeas Corpus in the United
States District Court, Southern District of Ohio (Docket No. 10, Exhibit 5, p. 2).
The case was dismissed on July 15, 1998 (Docket No. 10, Exhibit 5, p. 3).

> Petitioner's application for certificate of appealability filed in the Southern District of Ohio was denied on September 18, 1998, and the United States Supreme Court denied certiorari on November 16, 1998 (Docket No. 10, Exhibit 5, p. 3; Exhibits 6 & 7).

Magistrate's Report and Recommendation, Docket No. 15 at 2-3 (footnotes omitted).

Petitioner is incarcerated at Grafton Correctional Institution (GCI) in Lorain County, Ohio, where Respondent Carl Anderson is the Warden.

After being denied parole by the Ohio Adult Parole Authority (OAPA), Petitioner, acting pro se, filed a writ of habeas corpus in this Court alleging that the OAPA's denial of parole violated the United States Constitution.[1]  On October 18, 2006, this Court adopted Magistrate Judge Vernelis K. Armstrong's Report and Recommendation (R & R) denying Petitioner's Habeas Writ.  Docket No. 15 & 16.  However, Petitioner filed objections to the R & R one day later on October 19, 2006 (Docket No. 17), and this Court vacated its October 18 judgment in order for Petitioner's objections to be heard.  Docket No. 18.  After reviewing Petitioner's objections, this Court again adopted the Magistrate's R & R on November 13, 2006, thereby entering final judgment against Petitioner's Habeas Writ.  Docket No. 19.

While final Judgment was entered on November 13, 2006, it is unclear whether Petitioner actually received notice that judgment was entered against him.  Specifically, on April 19, 2007 – five months after judgment was entered – Petitioner wrote a letter to the Clerk of Courts for the Northern District of Ohio, Western Division, stating that "[a]s of this date April 19, 2007, the

---

[1]

Prior to filing a writ of habeas corpus in the federal district court, Petitioner had also filed a writ of habeas corpus at the state level for being denied parole.  Docket No. 10, Exhibit 8, pg. 2.  The petition was denied by the Ohio Court of Common Pleas (Docket No. 10, Exhibit 11), the denial was affirmed by the Ohio Court of Appeals (Docket No. 10, Exhibits 9, 12 & 14), and leave for appeal from the decision was denied by the Ohio Supreme Court (Docket No. 10, Exhibits 12, 15 & 17).

2

Petitioner has received no further communication from the Respondent or the Court [regarding the habeas petition,] and the Petitioner would like to know the status of the Case or receive a Docket Sheet concerning this matter." Letter from Willie Jacobs to Geri Smith, Clerk of U.S. District Court (Apr. 19, 2007) (Doc. 21, Att. 2). The Clerk responded with a letter on April 23, 2007, stating that persons requesting a Docket sheet must pay a fee of 50 cents per copied page, or one dollar for Petitioner. The letter did not state that judgment had been entered against Petitioner. Letter from Geri Smith, Clerk of U.S. District Court, to Willie Jacobs (Apr. 23, 2007) (Doc. 21, Att. 3).

After learning on April 23 that a copy of the Docket would require a one dollar fee, Petitioner remained silent until August 15, 2007 when he filed official correspondence with this Court. Docket No. 20. In that correspondence, Petitioner stated that:

> Petitioner sought a copy of the Docket Sheet concerning this matter on April 19, 2007 through the Clerks [sic] Office . . . . As the Petitioner is indigent and the Clerk required money, the status of the Petitioners [sic] case still remains a question to the Petitioner . . . . The Petitioner is pursuing all legal actions Pro Se and only has a very limited understanding of [the law] and the legal procedures. However if the Respondent responded to the Petitioners [sic] objection, then the Petitioner should have received some Notice at the very least . . . . The Petitioner respectfully asks this Honorable Court for the legal status of [this case].

Docket No. 20. Petitioner claims that he did not receive notice of the judgment against him until August 15, 2007. Docket No. 21, pg. 1. Respondent does not deny Petitioner's assertions that he had not received notice of the judgment. Docket No. 22, pg. 5.

The time allowed for filing a notice of appeal from a civil judgment under the Federal Rules of Appellate Procedure has expired. *See* FED. R. APP. P. 4(a). Consequently, Petitioner filed the instant 60(b) motion under the Federal Rules of Civil Procedure on September 17, 2007, seeking relief from this Court's judgment in the form of an extension of the time to appeal. For

3

the reasons stated herein, Petitioner's Rule 60(b) motion for relief from judgment is hereby

denied.

## II.      Analysis

Petitioner's Rule 60(b) motion for relief from judgment seeks relief in the form of an

extension for the time to file a notice of appeal from this Court's denial of his habeas petition.  *See*

Docket No. 21, pg. 4 ("[P]etitioner requests that this Honorable [C]ourt correct the error so that

the petitioner will have the opportunity to appeal a decision that he had the right to appeal as a

matter of due process.").  Petitioner has not filed any other notice of appeal.

### A.      The normal time for filing an appeal

Under Rule 4(a), "notice of an appeal . . . must be filed with the district clerk within 30

days after the judgment or order appealed from is entered."  FED. R. APP. P. 4(a).  In this case,

Petitioner's Rule 60(b) motion was not filed for more than nine months after judgment was

entered against him.  However, while Petitioner did not meet the initial deadline for filing a notice

of appeal, there are three other deadlines that apply to this case under the Federal Rules of

Appellate Procedure.

First, under Rule 4(a)(4)(A), when a party timely files a motion under FED. R. CIV. P.

60(b), "the time to file an appeal runs . . . from the entry of the order disposing of [the motion]."

FED. R. APP. P. 4(a)(4)(A), 4(a)(4)(A)(vi).  Therefore, in this case a timely motion under FED. R.

CIV. P. 60(b) would extend the time to file a notice of appeal to thirty days after this Court decides

the instant 60(b) motion, but only if the 60(b) motion was filed by November 27, 2006 (ten days

after the judgment).  Petitioner filed his Rule 60(b) motion on September 17, 2007.  Docket No.

4

21.  Thus, while Petitioner's motion was timely under FED. R. CIV. P. 60(b)[2], it is not timely for purposes of extending the deadline under FED. R. APP. P. 4(a)(4)(A)(vi).

Second, under FED. R. APP. P. 4(a)(5), a court may extend the time to file an appeal if a party, within thirty days of the original thirty day deadline to appeal, files a motion showing excusable neglect or good cause.  FED. R. APP. P. 4(a)(5).  Thus, notwithstanding the requirement to show excusable neglect or good cause, Petitioner had until January 12, 2007 to file his motion (thirty days after the original thirty day deadline).  Because Petitioner did not file his Rule 60(b) motion until September 17, 2007, the deadline to appeal cannot be extended under FED. R. APP. 4(a)(5).

Third, under FED. R. APP. 4(a)(6), a court may extend the time to appeal by 14 days from the time it orders the extension if (A) "the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment . . ." *and* (B) "the motion is filed within 180 days after the judgment or order is entered *or* within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier;" and (C) "the court finds that no party would be prejudiced."  FED. R. APP. 4(a)(6) (emphasis added).  Respondent does not dispute Petitioner's claim that he did not receive notice of the judgment until August 15, 2007.  (Docket No. 22, pg. 5).  However, under 4(a)(6), Petitioner had until May 14, 2007 to file his motion (the earlier of the two afore mentioned deadlines).  Because Petitioner did not file his motion until September 17, 2007, the deadline to appeal cannot be extended under FED. R. APP. 4(a)(6).

---

[2]

 A Rule 60(b) motion "shall be made within a reasonable time, and for reasons (1), (2), or (3) not more than one year after the judgment, order, or proceeding was entered or taken."  Fed. R. Civ. P. 60(b).  Plaintiff's motion was filed nine months after judgment was entered.  (Docket No. 19, 21).

5

**B.      Relief from judgment for an extension to appeal under Fed. R. Civ. P. 60(b)**

Notwithstanding this Court's inability under the Federal Rules of Appellate Procedure to extend the time for Petitioner to appeal the denial of his writ of habeas corpus, Petitioner asks this Court to extend the time to file a notice of appeal pursuant to a FED. R. CIV. P. 60(b) motion for relief from judgment.  *See* Docket No. 21, pg. 4 ("[P]etitioner requests that this Honorable [C]ourt correct the error so that the petitioner will have the opportunity to appeal a decision that he had the right to appeal as a matter of due process.").  Specifically, Petitioner asserts that two of Rule 60(b)'s six provisions apply.  First, Petitioner cites Rule 60(b)(1), which allows for relief from judgment upon the requisite finding of "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1).  Second, Petitioner cites Rule 60(b)(6), which provides relief from judgment for "any other reasons justifying relief from the operation of the judgment."  FED. R. CIV. P. 60(b)(6).

At the outset, this Court notes that the Supreme Court and the Sixth Circuit have both held that (b)(1)-(b)(5) are mutually exclusive of (b)(6), and a petitioner seeking relief from judgment under (b)(1)-(b)(5) cannot also seek relief under (b)(6).  *Pioneer Investment Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 393 (holding that (b)(1) and (b)(6) are "mutually exclusive, and thus a party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to subsection (6)"); *Olle* v. *The Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) ("In order to be entitled to the extraordinary and exceptional relief afforded under Rule 60(b)(6), the party seeking relief must show that it filed a motion for relief under that Rule, and not under some other section of Rule 60."); *In re Salem Mortgage*, 791 F.2d 456, 459 (6th Cir. 1986) ("Because [petitioner's] claim of inadvertence or mistake is covered

6

under Rule 60(b)(1), it is therefore not cognizable under Rule 60(b)(6)."); *Pierce v. United Mine Workers of America Welfare & Retirement Fund for 1950 & 1974*, 770 F.2d 449, 451 (6th Cir. 1985) (noting that 60(b)(6) "can be used only as a residual clause in cases which are not covered under the first five subsections of Rule 60(b)").  Therefore, if Petitioner's motion can be construed as asserting a cause for relief from excusable neglect under (b)(1), then Petitioner is barred from seeking relief under (b)(6).[3]  However, this Court need not necessarily construe Petitioner's motion as failing for this reason, as the motion fails for other reasons.

In *Bowles v. Russell*, 127 S. Ct. 2360 (2007), the Supreme Court held that "the taking of an appeal within the prescribed time is 'mandatory and jurisdictional." (citations omitted). "Indeed, even prior to the creation of the circuit courts of appeals, [the Supreme] Court regarded statutory limitations on the timing of appeals as limitations on its own jurisdiction." *Id*. at 2363-64.  In *Bowles*, the petitioner had been denied a writ of habeas corpus by the Northern District of Ohio, but was told by the district court that he had seventeen days to file a notice of appeal. *Id*. at 2362.  Contrary to the district court's instructions, however, the Federal Rules of Appellate Procedure only provided a period of fourteen days to file a notice of appeal. *Id*.  Thus, when the petitioner filed his appeal on the sixteenth day following the court's decision, the Sixth Circuit held that it lacked jurisdiction to hear the appeal, and the Supreme Court affirmed. *Id*.  In its opinion, the Supreme Court stated that "[t]oday we make clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Id*. at 2366.  Furthermore, the Court stated

---

[3]

It is unclear whether Petitioner's motion asserts that Petitioner has exhibited excusable neglect by failing to receive notice of judgment, or whether Clerk of Courts has exhibited excusable neglect for failing to provide such notice.  *See* Docket No. 21, pg. 2 ("Petitioner's failure to receive judgment is 'excusable neglect' and the trial court and clerks [sic] failure to serve notice of judgment is 'reason justifying relief from the operation of the judgment[s].'").

that "[i]f rigorous rules like the one applied today are thought to be inequitable, Congress may authorize courts to promulgate rules that excuse compliance with the statutory time limits." *Id*. at 2367.

In light of the Supreme Court's holding in *Bowles v. Russell*, this Court is bound not to grant an extension of the time to file an appeal based on Petitioner's FED. R. CIV. P. 60(b) motion, or for any other reason, as jurisdiction to hear such an appeal does not exist.

**III.    Conclusion**

For the reasons stated herein, Petitioner's Rule 60(b) motion for relief from judgment is denied.

IT IS SO ORDERED.

    *S/ David A. Katz*     
DAVID A. KATZ
U. S. DISTRICT JUDGE

8